**IN THE**
**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **BRON RATHERT**, on behalf of himself individually, and on behalf of others similarly situated, | § § § § | **Case No.**: _____ |
| Plaintiff, | § § | |
| v. | § § | |
| **DR. DETAIL, LLC**, a Texas Limited Liability Company; **HAROLD STARNES (also known as David Starnes)**, in his individual and corporate capacity, | § § § § § | |
| Defendants. | § § | |
| | § | JURY DEMANDED |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

### I.  SUMMARY

1.      Plaintiff BRON RATHERT (hereinafter referred to as "Plaintiff"), on behalf of himself and those similarly situated, through undersigned counsel at Rosenberg Sprovach, make the following allegations in support of this Collective Action Complaint, brought pursuant to the federal Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. (hereinafter referred to as "FLSA").

2.      Plaintiff BRON RATHERT, and the similarly situated individuals he seeks to represent, are current employees, former employees, and/or employees who were misclassified as independent contractors of Defendants, who worked as "outside service"[1] workers within the last three (3) years (hereinafter collectively referred to as "Class Members" or "Plaintiffs").

---

[1] When Plaintiff received his paychecks from Defendants, the memo portion on the check stated that Plaintiff was being paid for "outside service."

3.     Defendant DR. DETAIL, LLC (hereinafter referred to as "DR. DETAIL") and Defendant HAROLD STARNES (also known as David Starnes) (hereinafter referred to as "STARNES") (hereinafter collectively referred to as "Defendants") failed to pay Plaintiff and its other "outside service" workers overtime wages when they work/worked more than forty (40) hours in a workweek, as required by the FLSA, 29 U.S.C. § 201 et seq.  Defendants also have made/make improper deductions from Plaintiffs' wages, in violation of the FLSA.

4.     Defendants' pay practices and policies applied not only to Plaintiff, but also to all Class Members.  Therefore, Plaintiff brings this lawsuit on behalf of himself and other similarly situated outside service workers.

## II. PARTIES

5.     Plaintiff, as an individual and representative, resides in Conroe, Texas, in Montgomery County, in the Southern District of Texas.  Plaintiff is a former employee of Defendants and worked as an "outside service" worker.  Plaintiff worked as an hourly non-exempt employee for Defendants from approximately August of 2019 to October 4, 2010.  His written consent to join this lawsuit is attached hereto as Exhibit 1.  (See Exhibit 1, Plaintiff's Consent to Join Collective Action).

6.     The class of similarly situated employees consists of all "outside service" workers who worked for Defendants within the last three years (3).  The Class Members work(ed) for Defendants as hourly non-exempt employees.

7.     Plaintiffs are current and/or former employees of Defendants, as defined by 29 U.S.C. § 203(e).  Plaintiffs are "outside service" workers, who perform(ed) all of the work needed for Defendants' customers, including (but not limited to) performing car washes and installing the ceramic coating work on the vehicles of Defendants' customers.  Plaintiffs bring

this action on behalf of themselves and all other current and former "outside service" workers that are hourly non-exempt employees of Defendants within the state of Texas.

8.      Defendants are considered to be employers qualified to do business in Texas. Defendants are liable as Plaintiffs' "employer" under the FLSA to comply with the minimum wage and overtime wage provisions, as set forth within the FLSA, 29 U.S.C. § 203(d).

9.      Defendant DR. DETAIL LLC is a Texas limited liability company doing business in Texas with its principal office listed as 25700 I-45 North # 4119, The Woodlands, Texas 77386 (with its principal physical location being at 24390 Budde Road, The Woodlands, TX 77380).  Defendant DR. DETAIL LLC can be served by serving its Registered Agent for Service of Process, Incorporatemax, 25700 I-45 North # 4119, The Woodlands, Texas 77386.

10.      Defendant HAROLD STARNES is an individual and is considered to be an employer within the meaning of the FLSA, 29 U.S.C. § 203(d).  STARNES is a corporate officer and the owner of DR. DETAIL.  STARNES acted directly and/or indirectly in the interest of DR. DETAIL in relation to its employees, including Plaintiff and the Class Members.  STARNES is being sued in his individual as well as in his corporate capacity.  STARNES was, and still continues to be, involved on a regular basis with the decision-making process regarding the operations of DR. DETAIL, including (but not limited to) the decisions concerning the pay practices that are the subject of this lawsuit.  STARNES can be served at DR. DETAIL's location, which is where Plaintiff, the Class Members, and STARNES work/ed on a regular basis, which is 24390 Budde Road, The Woodlands, TX 77380.

### III.  JURISDICTION

11.      This Court has federal question jurisdiction of this action under 28 U.S.C. § 1331, as this case is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

12.     This Court has personal jurisdiction over DR. DETAIL because it is qualified to do business in Texas, including being registered with the Texas Secretary of State.  Additionally, during all relevant time periods identified in this lawsuit, DR. DETAIL has performed and continues to perform business within Texas.

13.      This Court has personal jurisdiction over STARNES because he resides and works within the State of Texas at DR. DETAIL at its principal location of 24390 Budde Road, The Woodlands, TX 77380.

## IV.  VENUE

14.     Venue of this action is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## V.  FLSA COVERAGE

15.     At all times relevant to this dispute, Defendants are considered to be enterprises within the meaning of the FLSA. 29 U.S.C. § 203(r).

16.     At all times relevant to this dispute, Defendants are enterprises that engage in commerce or in the production of goods for commerce within the meaning of the FLSA.  29 U.S.C. § 203(s)(1).

17.     At all times relevant to this dispute, Defendants had/have annual gross sales in excess of $500,000.00.

18.     At all times relevant to this dispute, Plaintiff and the Class Members are and/or were employees engaged in commerce or the production of goods for commerce, as required by 29 U.S.C. § 207.

## VI.  BACKGROUND FACTS

19.    Defendant DR. DETAIL is a car washing and car detailing business.  Its business also includes (but is not limited to) performing hand car washes, ceramic coating installation, paintless dent repair, windshield repair, and boat service repair.  STARNES is the owner as well as the Managing Member and the Director of DR. DETAIL.[2]

20.    Plaintiff started working for Defendants around August of 2019 as an "outside service" worker.  Plaintiff worked for Defendants until he was terminated on October 4, 2020 because he complained to Defendants about not being paid for all hours worked and not being paid overtime compensation.

21.    Plaintiff did not receive overtime compensation while he was employed by Defendants, in violation of the FLSA.  However, Plaintiff was expected to work over forty (40) hours per week; and, Plaintiff did in fact work well over forty (40) hours per week throughout his employment.

22.    Although Defendants deducted taxes from Plaintiff's paychecks as well as the Class Members' paycheck, as if they were employees, Defendants never provided Plaintiff or the Class Members with a paystub or with an itemization of the taxes being taken out of their paychecks.  Regardless of how Plaintiff was paid and what deductions were taken out of Plaintiff's paychecks, Plaintiff's job duties never changed.

23.    The other "outside service" workers that worked for Defendants (i.e., the Class Members) also did not receive overtime compensation while they were employed by Defendants, in violation of the FLSA.  However, the Class Members were expected to work over forty (40) hours per week; and, the Class Members did in fact work well over forty (40) hours per week

---

[2] According to the Texas Secretary of State, "David Starnes" is the Managing Member and the Director.  However, based on Plaintiff's belief and information, the legal name of the owner, the Managing Member, and the Director of DR. DETAIL is Defendant HAROLD STARNES.  But, at times, STARNES is also known as "David Starnes."

throughout their employment with Defendants.

24.    Due to the high volume of work, Plaintiff was often required to work long hours; and, in excess of over forty (40) hours per work week.  Defendants were aware that Plaintiff and the Class Members work/worked over forty (40) hours per work week to meet Defendants' business needs.

25.    Defendants dictated what hours Plaintiff worked, provided the tools for Plaintiff to do his job, told Plaintiff what work he was required to complete, and the specifications on how the work was to be completed.  Throughout the majority of Plaintiff's employment with Defendants, on average, Plaintiff worked about seventy (70) hours per week, which meant that Plaintiff was working about thirty (30) hours over a normal forty (40) hour work week.  However, Defendants failed to pay Plaintiff overtime compensation for said additional thirty (30) hours per week throughout his employment.  These facts are the same and/or similar to the Class Members' employment with Defendants.

26.    Defendants controlled all the conditions of Plaintiff's employment.  Defendants determined Plaintiff's pay rate, the schedule he worked, and the policies and procedures that Plaintiff and the other Class Members are/were required to follow.  Similarly, Defendants also controlled all of these same conditions regarding the Class Members.

27.    Defendants also required Plaintiff and the Class Members to fill out a timesheet recording the hours that they work/ed on a daily basis.  However, when Plaintiff and the Class Members record/ed over forty (40) hours per work week and wrote that on their timesheet, Defendants revised the timesheets to reflect that they only worked about forty (40) hours per week.

28.    As an "outside service" worker for Defendants, Plaintiff's primary duties included

(but are not limited to) performing car washes, installing ceramic coating, inspecting vehicles, assisting Defendants' customers, and performing sales of Defendants' services and/or products.

29.     Plaintiff and the Class Members do/did not have the authority to make unilateral decisions regarding the work assigned by Defendants.  Plaintiff and the Class Members cannot arbitrarily make changes to anything without Defendants' approval.

30.     Plaintiff and Class Members do/did not have authority to hire and/or fire any of Defendants' employees and do not have authority to set pay.

31.     As "outside service" workers, Plaintiff and Class Members regularly work/worked more than forty (40) hours per workweek.  Neither Plaintiff nor any of the other Class Members had authority to (nor did they): manage an enterprise, hire or fire other employees, set the pay rates of other employees, create policies or procedures to govern Defendants' employees, handle employee grievances, determine the type of equipment or materials that Defendants could use in its operations, enter into contracts on behalf of Defendants, or otherwise have operational control over Defendants' business operations and practices.  Moreover, Plaintiff and the Class Members did not perform office or non-manual work directly related to the management or general business operations of Defendants or its customers, nor did they exercise discretion and independent judgment with respect to matters of significance in the conduct of Defendants' business.

32.     Plaintiff and the Class Members are subject to a single policy and pay plan that they are paid the same amount no matter how many hours they work.  Ultimately, Defendants decided how many hours Plaintiff and the Class Members would be paid, which amount was never based on the number of hours that Plaintiffs actually worked for Defendants.

33.     Plaintiff and the Class Members were always "non-exempt" employees and

eligible to receive overtime pay, pursuant to section 207 of the FLSA. 29 U.S.C. § 207.

34.     Plaintiff and the Class Members worked/work over forty (40) hours per work week and Defendants fail/failed to pay Plaintiff and the Class Members any overtime compensation.

35.     Defendants also made improper deductions from Plaintiff's wages, including (but not limited to) the following items: the cost of purchasing bottles of ceramic coating, the cost of Defendants' electricity bill at Defendants' business location, the cost of purchasing car wash soap, the cost of purchasing sponges, the cost of purchasing tire shine, the cost of purchasing car conditioner, and the cost of baseball lessons for STARNES' son.

36.     Furthermore, Defendants improperly deducted alleged employment taxes for its employees (even though based on Plaintiff's information and belief Defendants never actually paid said taxes to the appropriate governmental entities per Defendants' own admissions to Plaintiff) and improperly deducted money for health insurance (even though Defendants never provided health insurance to Plaintiff).  Without written or verbal authorization, Defendants have improperly deducted approximately $400.00 to $700.00 per paycheck from Plaintiff's earned wages throughout Plaintiff's employment with Defendants.

37.     Plaintiff is aware of other "outside service" workers who have also been subject to the improper deductions pertaining to the employment taxes for its employees (even though based on Plaintiff's information and belief Defendants never actually paid said taxes to the appropriate governmental entities per Defendants' own admissions to Plaintiff) and improperly deducted money for health insurance (even though Defendants never provided health insurance to the Class Members).  Without written or verbal authorization, Defendants have also improperly deducted wages from the Class Members' earned wages on each paycheck

throughout their employment with Defendants.

38.     During Plaintiff's employment, there were approximately thirteen (13) to seventeen (17) other "outside service" workers working for Defendants at any given time, who were/are subject to the same pay policy/plan described herein, work/worked overtime hours, and were/are not properly compensated by Defendants, in violation of the FLSA.   Throughout Plaintiff's employment, Plaintiff was aware of multiple other individuals who worked as "outside service" workers and were not properly compensated in accordance with the FLSA for hours worked in excess of forty (40) hours per work week.

## VII.   COLLECTIVE ACTION ALLEGATIONS

39.     Plaintiff brings this suit as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of himself and all other persons employed by Defendants as "outside service" workers within three (3) years from the filing of this lawsuit who, like Plaintiff, (1) have not been compensated for all hours worked; (2) have not been compensated at one and a half times their regular rate of pay for all hours worked in excess of forty (40) hours in a single work week; and/or (3) have been subjected to improper deductions from their earned wages, all in violation of the FLSA.

40.     Defendants classified/classifies and paid/pays all of its "outside service" workers in the manner described above.   Defendants maintained a common pay practice and/or policy; and, the Class Members are similarly situated to Plaintiff.

41.     Defendants' "outside service" workers all performed the same and/or similar essential job functions and duties of performing car washes and installing ceramic coating, notwithstanding the fact that one employee might have more tenure and/or experience than another employee in the same and/or similar position.   Therefore, the Class Members are

similarly situated to Plaintiff.

42.     The damages for Plaintiff and each individual that is included as one of the Class Members can easily be calculated using the same methodology and formula although the exact amount of the damages may vary.

43.     Defendants possess the names and addresses of Class Members in its records. The Class Members should be allowed to receive notice about this lawsuit and given an opportunity to join.  Like Plaintiff, these similarly situated workers are entitled to recover their unpaid wages, overtime wages, liquidated damages, attorneys' fees, and other damages. Therefore, notice is appropriately sent to the following class:

> **All "outside service" workers (including those workers that performed car washes and installed ceramic coating) that worked for Defendants at any time from [three years before date of mailing of Notice and Consent] up to [the date of mailing of Notice and Consent].**

## VIII.   CAUSES OF ACTION

44.     Plaintiff incorporates the allegation in the preceding paragraphs.

45.     Defendants misclassified Plaintiff and the Class Members as independent contractors, failed to pay them wages for all hours worked, subjected them to improper wage deductions, and/or failed to pay them overtime wages, as required by the FLSA for all hours worked over forty (40) hours per work week.

46.     Defendants' failure to pay overtime wages and/or wages earned to Plaintiff and the Class Members, in accordance with the FLSA, was willful, as that term is defined by Section 255(a) and was not based on a good faith belief that its conduct complied with the FLSA. Therefore, the three (3) years statute of limitations period applies to Plaintiff's damages and the Class Members' damages in this case.

47.     Plaintiff and the Class Members are entitled to wages for all hours worked,

overtime wages for all hours worked in excess of forty (40) hours in a workweek, an amount equal to all of their unpaid wages as liquidated damages, as well as their reasonable and necessary attorneys' fees and costs of this action.  29 U.S.C. § 216(b).

### IX.   **JURY DEMAND**

48.   Plaintiff hereby demands a trial by jury.

### X.   **PRAYER**

49.   Plaintiff respectfully requests that judgment be entered against Defendants, awarding Plaintiff and all similarly situated employees the following:

    a)   unpaid wages for all hours work during the period specified herein;

    b)   overtime compensation for all hours worked in excess of forty (40) per work week at the rate of one and a half times their regular rate of pay;

    c)   an equal amount of liquidated damages;

    d)   an order requiring Defendants to pay attorneys' fees and costs in this action; and,

    e)   an order granting such other relief as is proper and just.

Respectfully submitted,

*/s/ **Gregg M. Rosenberg***
Gregg M. Rosenberg
USDC SD/TX No.: 7325
Texas State Bar ID: 17268750
Davina Bloom
USDC SD/TX No.: 2851454
Texas State Bar ID: 24091586

ROSENBERG | SPROVACH
3518 Travis Street, Suite 200
Houston, Texas 77002
Telephone No.: (713) 960-8300
Facsimile No.: (713) 621-6670
gregg@rosenberglaw.com
davina@rosenberglaw.com

Attorney-In-Charge for Plaintiff

ROSENBERG | SPROVACH
3518 Travis Street, Suite 200
Houston, Texas 77002
Telephone No.: (713) 960-8300
Facsimile No.: (713) 621-6670
Attorney for Plaintiff